No. 107,858

STATE OF KANSAS, *Appellee*, v. MARK ANTHONY BAKER, *Appellant*.

(301 P.3d 706)

Opinion filed May 31, 2013.

*Joanna Labastida*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Stephen P. Jones*, assistant county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: In this appeal, Mark Anthony Baker raises three sentencing issues. In the first issue, he argues no reasonable person would agree with the district court judge's decision to impose consecutive sentences and, therefore, the judge abused his discretion. We reject this argument, concluding a reasonable person could agree with the judge's decision. In two other issues, Baker raises

arguments that are contrary to well-settled rulings of this court, and he fails to present any new arguments to persuade us to abandon our prior rulings. Consequently, we affirm Baker's sentences.

## FACTS AND PROCEDURAL BACKGROUND

In July 2011, Mark Baker pleaded guilty to four crimes: felony murder, an off-grid felony in violation of K.S.A. 21-3401(b); child abuse, a severity level 5 person felony in violation of K.S.A. 21-3609; obstruction of official duty, a severity level 9 nonperson felony in violation of K.S.A. 21-3808; and possession of marijuana, a severity level 4 drug felony in violation of K.S.A. 2010 Supp. 21-36a06(b)(3). These charges arose after Baker abused the 19-month-old son of his girlfriend, causing skull fractures, brain damage, and multiple internal injuries that resulted in the child's death.

At sentencing, Baker requested concurrent sentences. The district court denied Baker's request and ran the sentences for the four crimes consecutive to one another. The court imposed a life sentence with no possibility of parole for 20 years for felony murder; 128 months' imprisonment for child abuse, which is the aggravated sentence in the applicable Kansas Sentencing Guidelines Act (KSGA) grid block; 12 months' imprisonment for possession of marijuana; and 7 months' imprisonment for obstruction of official duty.

Baker timely appealed, raising three sentencing issues. This court has jurisdiction under K.S.A. 2012 Supp. 22-3601(b)(3) (maximum sentence of life imprisonment imposed).

### ISSUE 1: *Imposing Consecutive Sentences Was Not An Abuse of Discretion*

Baker first argues the district court abused its discretion by imposing consecutive rather than concurrent sentences. The State responds by arguing that Baker did not adequately brief this issue because he did not raise any constitutional arguments. Although the State cites a case in which another defendant chose to raise constitutional arguments, it does not explain why it believes Baker must do so.

This court recently clarified in *State v. Ross*, 295 Kan. 1126, 1137, 289 P.3d 76 (2012), that "a life sentence for an off-grid crime is not considered a 'presumptive sentence' under the KSGA." Therefore, K.S.A. 21-4721(c)(1) does not prevent a defendant from challenging a district court's decision ordering a sentence for an on-grid crime to run consecutive to a life sentence for an off-grid crime in a multiple conviction case involving both off-grid and on-grid crimes. *Ross*, 295 Kan. at 1138. " 'Generally, it is within the trial court's sound discretion to determine whether a sentence should run concurrent with or consecutive to another sentence.' " *Ross*, 295 Kan. at 1138 (quoting *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 [2000]). In *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012), this court stated the standard for determining whether a district court abused its discretion:

"Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based."

It is Baker's burden to prove an abuse of discretion. See *State v. Hulett*, 293 Kan. 312, 319, 263 P.3d 153 (2011).

Baker does not claim the district court's decision was based on an error of law or fact; rather, he challenges whether the action was so unreasonable no other person would have taken the court's approach. In doing so, he argues the district court's decision to order consecutive sentences was arbitrary, fanciful, or unreasonable because (1) Baker took responsibility for his actions and entered guilty pleas, and (2) he apologized for his actions on the record, which Baker believes translates to remorse. And, for the first time on appeal, Baker suggests that "he prevented the State from expending additional time and money for trial."

The district judge weighed the arguments that were presented to him and concluded: "[F]rankly, to take out your frustrations on an innocent baby, following what Dr. [Eric] Mitchell testified you did, I consider to be the most cowardly, egregious, disgusting kind

of conduct I can imagine." Dr. Mitchell, who performed the autopsy on the child, had testified at the hearing and described the serious injuries sustained by the child before his death, including skull fractures, brain damage, and multiple internal injuries. Neither Baker's acceptance of responsibility, his expression of remorse, any savings to the State that resulted from Baker's decision to enter a plea, nor any combination of these considerations offset the compelling reason stated by the judge for imposing the consecutive sentences.

Based on the facts of this case, we are convinced that a reasonable person could agree with the district court's conclusion that consecutive sentences were appropriate.

ISSUES 2 AND 3: *Baker's Sentence for Child Abuse Does Not Violate* Apprendi

Baker next challenges his sentence for child abuse, arguing his constitutional rights as recognized in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), were violated when the district court (1) sentenced him to the aggravated sentence in the grid block without putting the aggravating factors before a jury and (2) used his criminal history for sentencing purposes without requiring the State to prove it to a jury beyond a reasonable doubt. This court rejected the first argument in *State v. Johnson*, 286 Kan. 824, Syl. ¶ 6, 190 P.3d 207 (2008), and further noted that "[u]nder K.S.A. 21-4721(c)(1), an appellate court is without jurisdiction to consider a challenge to a presumptive sentence, even if that sentence is to the highest term in a presumptive grid block." This court has also rejected the second argument in a long series of cases beginning with *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). See, *e.g.*, *State v. Brown*, 295 Kan. 181, 216, 284 P.3d 977 (2012); *State v. Bennington*, 293 Kan. 503, Syl. ¶ 9, 264 P.3d 440 (2011). These cases hold that the use of prior convictions for sentencing enhancement is constitutional.

Baker does not present any arguments that require us to reconsider our previous decisions. Hence, we conclude we do not have jurisdiction to consider Baker's first *Apprendi* issue and there is no merit to the second.

Affirmed.