NOT DESIGNATED FOR PUBLICATION

No. 111,238

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

TAMMRA JO AUGUSTINE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed November 6, 2015. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, of assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BUSER and GARDNER, JJ.

*Per Curiam*: After being placed on probation by the Saline County District Court for burglary and theft convictions, Defendant Tammra Jo Augustine committed additional burglaries and thefts within a few months. She now appeals the district court's revocation of her probation on the older offenses and the use of her past convictions in determining her criminal history on the newer offenses. We find no error in the district court's rulings and affirm in all respects.

1

In 2012, Augustine entered no contest pleas to charges of burglary, attempted burglary, felony theft, and misdemeanor theft stemming from a series of residential break-ins. Augustine had a history of mental health and substance abuse problems for which she had periodically sought treatment with largely unsuccessful long-term results. The district court sentenced Augustine to 27 months in prison and placed her on probation for 24 months.

Within a few months, Augustine was charged in the district court in three new cases involving similar offenses. In a consolidated plea agreement, Augustine pleaded guilty to residential burglary, felony theft, misdemeanor theft, and criminal damage to property in the new cases and stipulated those convictions violated her probation in the earlier case.

In late 2013, the district court held a consolidated hearing to consider sentencing and disposition of the newer criminal convictions and the probation revocation. Augustine faced presumptive imprisonment on the newer convictions because she had been on probation when they were committed. Augustine sought dispositional and durational sentencing departures and either reinstatement of her probation or a reduced term of incarceration. In support of the requested leniency, Augustine cited her age (she is in her 50s), her history of mental health issues and drug addiction, a comprehensive treatment plan, and the nonviolent nature of her crimes. But the evidence presented to the district court also showed Augustine had participated in outpatient and inpatient substance abuse treatment yet relapsed without a highly structured therapeutic environment. Augustine had also failed on a relatively recent probation in another case.

The district court revoked and declined to reinstate Augustine's probation, ordering her to serve the underlying 27-month sentence. On the new cases, the district court imposed consecutive terms of imprisonment of 29 months and 16 months and a concurrent term of 12 months in jail. The district court pointed to Augustine's history of

2

failed drug treatment and her unsuccessful probation as indicative of an inability to perform successfully on any additional probation. Augustine as timely appealed.

As to the probation revocation, Augustine contends the district court should have reinstated her or reduced her prison term. Probation from a prison sentence is a matter of judicial lenience and, unless otherwise required by law, is granted as a privilege rather than a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proved a violation of the conditions of probation, the district court acts within its sound discretion in determining an appropriate disposition. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Augustine bears the burden of demonstrating an abuse of discretion. See *State v. Lowrance*, 298 Kan. 274, 291, 312 P.3d 328 (2013).

Augustine doesn't argue the district court misapplied the law or misunderstood the facts. Rather, she contends the district court weighed the circumstances and came to a conclusion no reasonable judicial officer would reach. We find no abuse of discretion here. After being placed on probation for burglary and theft, Augustine rapidly returned to the same sort of criminal activity. And while the crimes were lower level felonies or misdemeanors, housebreaking inflicts both an economic and emotional toll on the victims. Augustine had failed in previous rehabilitation efforts. The district court reasonably concluded Augustine was unlikely to succeed if given yet another opportunity outside a highly structured prison setting. Especially given the public safety issues and Augustine's poor history with rehabilitative programs, the district court acted reasonably and well within the realm of judicial discretion.

As to the newer convictions, Augustine contends the district court improperly considered her criminal history in imposing sentence. She argues that the trial court's use of her past convictions in determining an appropriate sentence impairs her constitutional rights because the fact of those convictions was not determined beyond a reasonable doubt by a jury. Augustine relies on the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), to support that proposition. She also acknowledges the Kansas Supreme Court has rejected the argument and has found the State's current sentencing regimen conforms to the Sixth and Fourteenth Amendments to the United States Constitution with respect to the use of a defendant's past convictions in determining a presumptive statutory punishment. *State v. Fischer*, 288 Kan. 470, Syl. ¶ 4, 203 P.3d 1269 (2009); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We, therefore, decline the invitation to rule otherwise, especially in light of the Supreme Court's continuing reaffirmation of *Ivory*. *State v. Hall*, 298 Kan. 978, 991, 319 P.3d 506 (2014); *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013).

Affirmed.