NOT DESIGNATED FOR PUBLICATION

No. 111,880

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH ANTHONY LEWIS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed November 20, 2015. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., GARDNER, J., and JOHNSON, S.J.

*Per Curiam*:  After a jury found Joseph Lewis, Jr. guilty of reckless aggravated battery involving great bodily harm, the district court suspended Lewis' 36-month prison term and sentenced him to 36 months' probation. On appeal, Lewis raises two trial errors and one sentencing error but we find no reversible error.

*Procedural background*

On January 29, 2013, Lewis got into an argument with his mother, Adriana Garcia, with whom he was living in Hutchinson, Kansas. When the argument became

1

physical Lewis got on top of Garcia while she sat in an oversized chair, slapped the phone out of her hand as she tried to call 911, and then punched her repeatedly in the face.

Garcia went to the emergency room but was not admitted to the hospital. She was diagnosed with a nasal fracture, an orbital facture, and a corneal abrasion. Simply stated, the blows had broken both bones in her nose and the bone in her eyeball socket, and had scratched the surface of her eye. Because of the injury to her eye, Garcia was sent to a hospital in Wichita, Kansas, to see an eye specialist. The eye specialist was not at the hospital when she arrived, however, so she did not see him until a day later. Garcia has made a full recovery and is not scarred or otherwise disfigured.

Lewis was charged with aggravated battery, a severity level four offense. During trial, a police officer who had interviewed Lewis testified for the State. When asked how he came into contact with Lewis, the officer testified that Lewis had turned himself in on a warrant. Defense counsel objected and moved for a mistrial, arguing that the warrant related to a separate matter and was inadmissible evidence of prior bad acts in violation of Lewis' motion in limine. The district court, however, overruled the motion, stating that had the jury noticed the reference to the warrant they likely would have assumed it related to this case. The district court offered to instruct the jury to disregard the warrant testimony, but defense counsel declined, not wanting to draw any more attention to the statement.

During trial, defense counsel never denied Lewis' involvement in the crime, thus the controlling issues were whether Garcia's injuries amounted to great bodily harm and whether Lewis acted knowingly or recklessly. Defense counsel argued that Garcia's injuries did not constitute great bodily harm because Garcia was not admitted to the hospital in either Hutchinson or Wichita, she was told to go home when the eye specialist did not meet her in Wichita, and she suffers no lingering effects. In contrast, the State

argued during closing argument that because Garcia's injuries involved several broken bones her injuries did amount to great bodily harm.

The jury found Lewis not guilty of intentional aggravated battery but guilty of the lesser included offense of reckless aggravated battery involving great bodily harm, a severity level five offense. The district court suspended Lewis' 36-month prison term and sentenced him to 36 months' probation. Lewis timely appeals.

*Did the prosecutor's comments misstate the law?*

Lewis first argues the State committed prosecutorial misconduct by misstating the law regarding great bodily harm during closing argument. Lewis raised no objection at trial, but a contemporaneous objection need not be made at trial to preserve a claim of prosecutorial misconduct. See *State v. King*, 288 Kan. 333, Syl. ¶ 8, 204 P.3d 585 (2009).

We apply a two-step analysis to questions of this type, first asking whether the comments constitute misconduct. *State v. Crawford*, 300 Kan. 740, 744, 334 P.3d 311 (2014). To be misconduct, the comments must fall "outside the wide latitude allowed in discussing the evidence." 300 Kan. at 744. A "deliberate misstatement of the governing law" meets that standard. *State v. Gunby*, 282 Kan. 39, 63, 144 P.3d 647 (2006).

The Kansas Supreme Court has not specifically defined "great bodily harm" but has broadly described it, stating:

> "The word 'great' distinguishes the bodily harm necessary in this offense from slight, trivial, minor or moderate harm, and as such it does not include mere bruises, which are likely to be sustained in simple battery. Whether the injury or harm is great or not is generally a question of fact for the jury [Citations omitted.]." *State v. Dubish*, 234 Kan. 708, 715-16, 675 P.2d 877 (1984).

3

Whether great bodily harm has been caused is usually a question for the jury. See *State v. Williams*, 295 Kan. 506, 523, 286 P.3d 195 (2012); *State v. Green,* 280 Kan. 758, 765, 127 P.3d 241 (2006). We have declined to apply a bright-line rule that any broken bone necessarily constitutes great bodily harm. See *State v. Vessels*, No. 96,421, 2008 WL 1847374, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 286 Kan. 1185 (2008). Yet a broken bone may nonetheless be so significant that we find it to be great bodily harm as a matter of law. See *State v. Dixon,* 279 Kan. 563, 574-76, 112 P.3d 883 (2005). (finding the lasting effects of a broken bone in the hand established great bodily harm where it resulted in the victim losing his job, receiving disability benefits, and being limited to light-duty work).

Having reviewed the transcript of the State's closing argument, we find that the State did not misstate the law regarding great bodily harm but rather argued to the jury that it should find great bodily harm because of Garcia's broken bones. Jury Instructions No. 7, 9, and 11 properly stated the Supreme Court's definition of great bodily harm. The State quoted that same definition at the beginning of its closing argument, with insignificant differences. The State later mentioned the definition of great bodily harm as listed in the jury instructions in its rebuttal. Further, the State told the jury four times that it would have to decide whether Garcia's injuries constituted great bodily harm.

We have carefully examined the four statements Lewis specifically objects to, but when we consider them in the context of the State's closing argument viewed as a whole, including the State's repeated reminder that the jury must determine if the bodily harm was great, we find no error. The State was merely arguing that Garcia's injuries amounted to great bodily harm, not stating a hard-line rule or otherwise misstating the law. See *State v. Bethea*, No. 103,846, 2011 WL 5027088, at *5 (Kan. App. 2011) (unpublished opinion), *rev. denied* 294 Kan. 944 (2012) (finding no error when the prosecution argued the victim's injuries constituted great bodily harm based on the medical evidence

4

presented at trial). We thus find it unnecessary to determine whether the State's comments were prejudicial, and we find no prosecutorial misconduct.

*Should Lewis' motion for mistrial have been granted?*

Lewis next claims the district court erred in denying his motion for mistrial which was based on the police officer's reference to Lewis' outstanding warrant. When asked how he had come into contact with Lewis, the officer testified that another officer was dispatched to a location because Lewis "wanted to turn himself in for a warrant." Defense counsel timely objected, thus preserving this issue for appeal. Lewis argues the reference to a warrant was a prejudicial reference to prior bad acts. We note that although some reference is made to a motion in limine, Lewis does not show that the motion was granted and frames his argument on appeal as a denial of a motion for mistrial rather than as a violation of a motion in limine.

When reviewing the denial of a motion for mistrial, we apply an abuse of discretion standard of review. *State v. Longoria*, 301 Kan. 489, 530, 343 P.3d 1128 (2015). A court abuses its discretion if the judicial action:

> "(1) is arbitrary, fanciful, or unreasonable, *i.e.,* if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.,* if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.,* if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

According to K.S.A. 22-3423(1)(c), a mistrial may be ordered when the district court determines "[p]rejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the prosecution."

The trial court held and the parties agree, as do we, that the evidence of Lewis' warrant was improper and should not have been admitted. The controlling issue is whether the officer's mentioning of Lewis' warrant caused prejudice that resulted in an injustice. The failure in this case pertains to the admission of evidence and not a constitutional right, so we apply the harmless error standard of K.S.A. 60-261. *State v. McCullough*, 293 Kan. 970, 981, 270 P.3d 1142 (2012). Under that standard, we determine whether, after reviewing the entire record, a reasonable probability exists "'that error will or did affect the outcome of the trial.'" [Citations omitted.] 293 Kan. at 981. Further, the party benefiting from the error has the burden of showing that the error was not prejudicial. 293 Kan. at 983. Because the State could have theoretically benefited from the inference that Lewis had a warrant out for his arrest in another case, the State bears that burden here.

Having reviewed the entire record, we do not find a reasonable probability that the officer's testimony affected the outcome of the trial — the evidence of Lewis' guilt was overwhelming. Lewis confessed to having hit his mother in the face, and the jury heard a video recording of Lewis' confession. The police officer who responded to the incident also testified that he saw blood on the floor, that Garcia's eye was swollen, and that she had blood on her face. Lewis also had scuff marks on his hand, pictures of which were admitted at trial. The extent of the mother's injuries was well documented and the evidence regarding her medical care and treatment which resulted from Lewis' beating was undisputed.

Lewis also argues the jury could have relied upon the information about his warrant as propensity evidence to inappropriately determine the severity of his guilt. But this argument is unpersuasive, as Lewis was charged with aggravated battery involving great bodily harm, a crime requiring proof he acted knowingly, yet the jury found him guilty of a lesser included level of aggravated battery involving great bodily harm — reckless.

6

That the jury found Lewis guilty of a lesser level of battery than charged makes it reasonable to find, as the district court did, that it was more likely that the jurors either did not notice the reference to Lewis' warrant, or presumed that the warrant was issued in relation to this case. Further, the mention of Lewis' warrant was a one-time general statement which appears to have been made inadvertently. Under the circumstances reflected in the record, we find no prejudice. Accordingly, we find no abuse of discretion in the district court's ruling that any prejudice caused by the officer's statement did not result in an injustice. See *State v. Rinck*, 256 Kan. 848, 852-54, 888 P.2d 845 (1995) (finding trial court did not abuse its discretion in refusing to grant a mistrial after defendant's accomplice testified defendant had been in prison). The motion for a mistrial was properly denied.

*Did use of Lewis' prior convictions violate* Apprendi*?*

Lastly, Lewis argues the district court violated his Sixth and Fourteenth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by increasing his sentence based on prior crimes that were not proved to a jury in this case beyond a reasonable doubt. Lewis states that under *Apprendi*, "any fact that increases the maximum penalty a defendant can receive must be included in the charging document, put before a jury, and proved beyond a reasonable doubt."

Lewis misconstrues *Apprendi.* That case held that "*[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) 530 U.S. at 490. *Apprendi* approved the judge's use of prior convictions as a sentence-enhancing factor. 530 U.S. at 490.

Further, as defendant concedes, the Kansas Supreme Court has held the use of criminal history scores to determine a defendant's sentence is not unconstitutional under

7

*Apprendi*. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). Our Supreme Court recently reaffirmed *Ivory* in *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013). We are duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. See *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012). Since Lewis has misconstrued *Apprendi* and we find no indication our Supreme Court is departing from *Ivory*, we must follow this controlling precedent.

Affirmed.