NOT DESIGNATED FOR PUBLICATION

No. 112,695

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY A. FORSHEE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed February 12, 2016. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and POWELL, JJ.

*Per Curiam*:  A jury convicted Larry A. Forshee of one count of attempted burglary. He now appeals, arguing the district court violated his constitutional right:  (1) to present his theory of defense by limiting defense counsel's arguments in closing, and (2) by not requiring the State to prove his criminal history to the jury beyond a reasonable doubt. We disagree and affirm.

1

In the early morning hours of August 30, 2013, an individual was smoking outside of his home when he heard banging and clattering. He went to investigate the unusual sounds and followed the noise into a dark alley. The individual spotted a man, who he could not identify at trial, tampering with the door to a commercial business. This person went back home and told a neighbor what he saw; the neighbor called the police.

Officer Cort Depeugh of the Wichita Police Department was dispatched to the business around 4 a.m. on a call of a possible break-in. Depeugh found Forshee in the alley behind the business with his hand on the door and a brick-shaped object in his hand. When Forshee saw the officer, he set the object down and approached the police vehicle. Depeugh testified that Forshee appeared to be intoxicated, appeared not to know where he was, and only had on one shoe. Forshee stated he had been downtown drinking and was struck on the head. He later received staples for this head injury. Forshee told the officer that a friend told him he was allowed to break the window of the business to stay there for the evening. Depeugh arrested Forshee and later discovered a brick near the back door which had a broken pane of glass.

The police contacted the business owner, who stated he did not know Forshee and did not give him or anyone permission to be in his store that night.

Forshee was charged with burglary pursuant to K.S.A. 2013 Supp. 21-5807(a)(2) and theft pursuant to K.S.A. 2013 Supp. 21-5801(a)(1). The theft charge was dropped prior to trial.

At trial, the defense counsel attempted to argue during closing that Forshee was not guilty of burglary but was instead guilty of the uncharged crime of criminal trespass. During the instructions conference, the district court judge advised that defense counsel

was not permitted to argue that Forshee's actions constituted a different crime than the one charged by the State. During this conference the judge stated:

"Certainly under the facts of this case—and I can certainly understand why your client would prefer to be charged with criminal trespass. I'm not the district attorney and I don't make the charging decisions. They do. The question is whether or not they can prove their case. . . . [J]ust so that we don't get off in left field somewhere, I will not permit you to argue anything about criminal trespass because that's not a lesser included offense. You can argue about the elements of burglary. But to argue, you know, it's not charged properly because it should be a criminal trespass, I don't think that's a proper argument because it's not based on the facts in this case. It's speculative and I think the argument has to be focused on the facts that are brought out in this case."

Defense counsel responded:

"It's improper, I think, for the Court to say you can't argue criminal trespass because the State has said, you know what, we're not going with that theory because it's a misdemeanor and they might find him guilty of that. I'm adding that additional part. I don't know if that's their thinking or not, but that's what my client did. So for me to argue another theory—just like the last trial I had in front of you where theft was determined to be the lesser of aggravated robbery, and there was an initial resistance by the State because it added the element of intent to permanently deprive.

"I would argue the same thing here in that it adds when the door is locked or secured when in any burglary that's what the burglary is and, therefore, under that theory that the entry is made through a locked door that that's also a criminal trespass. Because all you're doing is taking out the intent to commit a theft therein and there you have criminal trespass."

The court responded:

"I would note that criminal trespass—and what was given to me by [defense counsel] is 58.140, the PIK instruction on criminal trespass. Numbers one, two and three

3

were circled. Number two is the one that I focus on, that defendant knew he/she was not authorized to do so. That's the very analysis that's given in the commentary on the burglary instruction and why it's not a lesser included offense. Criminal trespass also requires proof of actual or constructive notice. Burglary doesn't."

The exchange ended with the following:

"THE COURT:  Well, what's your argument going to be about criminal damage to property?

"[DEFENSE]:  The State chose not to charge him with that. If you think he did something wrong and you—

"THE COURT:  Well, I would think it's not proper for you to argue what the State did not charge him with.

"[DEFENSE]:  I think it's proper to say the State chose this, you may think it's something else.

"THE COURT:  No, the jury cannot say it's something else.

"[DEFENSE]:  The jury may say he did something bad and then somehow that bootstraps in that we have to find him guilty of something because he did something bad. I think I'm entitled to say he may have done something bad but the State—that's not what we're here about. We're here for the burglary, so if you think he damaged something, that's not the issue here and you don't get to find him guilty of something just because you think he damaged property and so that's bad and that's enough. Do you understand what I'm saying?

"THE COURT:  I'm not following. What I am trying to envision is how you're going to make that argument to the jury. I mean, it's clear there was some property damage that occurred to the window, but he's not charged with criminal damage to property. So you can talk about the window being broke until the cows come home, but to suggest that he could have more properly been charged with some lesser offense and the jury's not going to know lesser, greater or any of that stuff, I don't think it's appropriate for you to make arguments about charges that have not been filed. Your focus is on whether or not he's guilty or not guilty of the charge that's filed, and that's the way it's going to stand."

During closing arguments the defense presented to the jury a theory of defense that Forshee did not have the required intent to be convicted of burglary because he was intoxicated by drugs, intoxicated by alcohol, and had a head injury.

The jury acquitted Forshee of burglary but convicted him of the lesser-included offense of attempted burglary. Based on a criminal history score of H, the district court sentenced Forshee to a controlling sentence of 6 months in prison but suspended this sentence in favor of 12 months' probation.

Forshee timely appeals.

## DID THE DISTRICT COURT VIOLATE FORSHEE'S CONSTITUTIONAL RIGHT TO PRESENT HIS THEORY OF DEFENSE?

Forshee argues on appeal that the district court's limitation on his counsel's remarks during closing argument violated his constitutional right to present his theory of defense to the jury. While a district court's limitation on closing argument is typically reviewed under an abuse of discretion standard, *State v. Francis*, 282 Kan. 120, 143, 145 P.3d 48 (2006), a limitation on a defendant's constitutional right to present a defense is reviewed de novo. *State v. Carter*, 284 Kan. 312, 318-19, 160 P.3d 457 (2007).

> "[A] defendant is entitled to present his or her defense, and a defendant's fundament right
> to a fair trial is violated if *evidence* that is an integral part of that theory is excluded.
> [Citation omitted.] . . . [However,] 'the right to present a defense is subject to statutory
> rules and case law interpretation of the rules of evidence and procedure.'" (Emphasis
> added.) *State v. Wells*, 289 Kan. 1219, 1235, 221 P.3d 561 (2009) (quoting *State v.
> Walters*, 284 Kan. 1, Syl. ¶ 1, 159 P.3d 174 [2007]).

At trial, Forshee sought to argue in closing arguments that if he was guilty of anything it was criminal trespass. Finding that allowing such arguments would confuse

the jury and be prejudicial, the district court did not allow defense counsel to make such an argument in closing. Forshee contends the court erred when it denied his request, thereby denying him his constitutional right to present a full and complete defense. We disagree.

The record is clear that Forshee was allowed to present his defense that he did not have the required intent for burglary. No evidence regarding Forshee's defense was excluded. During closing, the defense counsel discussed Forshee's drug and alcohol intoxication and head injury as compromising the State's ability to prove Forshee's intent. At closing, the defense counsel stated:

> "So we have a red flag for alcohol, a red flag for drugs and a red flag for some kind of head injury. All three of those red flags are in this case and those are all things that you can consider when deciding does this Larry Forshee have the necessary intent to enter with the intent to commit theft."

The jury was given the full opportunity to consider Forshee's defense and find him not guilty. In fact, the jury convicted Forshee of the lesser included offense of attempted burglary instead. It was not improper for the district court to limit counsel's remarks. See *State v. Irving*, 217 Kan. 735, 739-40, 538 P.2d 670 (1975) (trial court may limit counsel's remarks to prevent improper argument).

However, even assuming that it was error for the district court to limit defense counsel's argument, such error was harmless. "A violation of a defendant's constitutional right to present a complete defense is subject to a harmless error analysis." *State v. Jones*, 47 Kan. App. 2d 512, 520, 276 P.3d 804 (2012).

If there was error, it was harmless for two reasons. First, the evidence at trial against Forshee was overwhelming. The officer caught Forshee in the act of breaking the

6

window of the business. Forshee told the officer that he had permission from the business owner to break into the business and spend the night there, yet the business owner said this was not true. The officer saw Forshee with a brick-shaped object in his hand, which the officer recovered next to the door, which had a broken window pane.

Second, a lack of prejudice can be demonstrated by the verdict. The jury did not convict Forshee of burglary but rather convicted him of the lesser-included offense of attempted burglary. The verdict indicates that the jury carefully reviewed all of the evidence presented, considered Forshee's intent, and did not convict him without careful consideration. Any error by the district court in prohibiting Forshee from arguing he was guilty of criminal trespass and not burglary was harmless.

### DID THE DISTRICT COURT VIOLATE FORSHEE'S CONSTITUTIONAL RIGHTS?

Forshee's second argument is that the use of his criminal history to calculate his guidelines sentence was unconstitutional since those past convictions were not proved in this case to a jury. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). However, our Supreme Court has previously rejected this argument on more than one occasion, and we reject it as well. See *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013); *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Affirmed.