No. 114,556

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT E. CARTER,
*Appellant*.

SYLLABUS BY THE COURT

1.

The question of whether domestic battery as provided in K.S.A. 2015 Supp. 21-5414(a)(1) is a lesser included offense of aggravated battery as provided in K.S.A. 2015 Supp. 21-5413(b)(1)(A) is a purely legal question over which this court has unlimited review.

2.

Domestic battery as provided in K.S.A. 2015 Supp. 21-5414(a)(1) is not a lesser included offense of aggravated battery as provided in K.S.A. 2015 Supp. 21-5413(b)(1)(A).

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed April 28, 2017. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

1

Before BUSER, P.J., ATCHESON and POWELL, JJ.

BUSER, J.: Robert E. Carter was convicted of aggravated battery in violation of K.S.A. 2015 Supp. 21-5413(b)(1)(A) following a jury trial in the Sedgwick County District Court. On appeal, Carter claims clear error because the trial court did not instruct the jury on domestic battery as a lesser included offense of aggravated battery. Upon our review, we find as a matter of law that domestic battery as provided in K.S.A. 2015 Supp. 21-5414(a)(1) is not a lesser included offense of aggravated battery as provided in K.S.A. 2015 Supp. 21-5413(b)(1)(A). Accordingly, we find no error in the trial court's failure to provide the jury with a domestic battery instruction.

FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2014, Carter and his live-in girlfriend, Myrae Thomas, sat outside their home drinking beer with Carter's brother, Willie Turner, and his friend, Tiffany Cargile. During the evening, a man stopped by the house and conversed with Carter about his recently deceased grandmother. As a result of the conversation, Carter became agitated and Turner, Cargile, and Thomas decided to leave the residence to get some food and afford Carter some time alone at the home in order to calm down.

The group returned about 40 minutes later to find the home completely dark with Carter sitting inside. When Thomas turned on the lights and asked Carter why the lights were turned off, Carter became enraged. He yelled profanities and accused Thomas and Turner of having an affair. Despite Thomas' denial, Carter leapt out of the chair and struck Thomas in the left eye. This blow caused Thomas to fall to the floor, scream for help, and then lose consciousness. Upon awakening, Thomas was covered in blood and she could not see out of her left eye.

2

A short time later, Patricia Kearney, a friend of Thomas, arrived at the residence to find Thomas bleeding profusely with a "bulging" left eye. Carter and Kearney exchanged profanities, and Carter admitted that he had struck Thomas. Kearney drove Thomas to the emergency room at St. Francis Hospital where she was stabilized and then transported to Wesley Hospital for emergency surgery to repair her eye.

According to Thomas, as a result of Carter's blow, her forehead above the left eye sustained a gash which required 32 stitches to repair but still left a scar. Regarding her left eye, Thomas testified "[t]here's no back to the eye or the top. And the eye has shrunk to nothing. I can't see out of it . . . . I haven't been able to drive or work or do anything."

Carter was charged with aggravated battery for knowingly causing great bodily harm or disfigurement upon Thomas, a severity level 4 felony, in violation of K.S.A. 2015 Supp. 21-5413(b)(1)(A). The jury trial began on April 6, 2015, with Carter appearing pro se.

Carter testified on his own behalf. As summarized in the appellant's brief:

> "Mr. Carter's theory of defense was that Thomas had self-inflicted her injuries while under the influence of K2 [synthetic marijuana]. . . . He testified she had a bad reaction and had cut herself with her own pocketknife. . . . He testified that he tried to calm her down and help her. . . . He denied punching Thomas."

At the conclusion of the evidence, in addition to the charged crime of aggravated battery, the trial court instructed the jury on the lesser degree of aggravated battery, to wit: causing bodily harm in a manner whereby great bodily harm or disfigurement can be inflicted, in violation of K.S.A. 2015 Supp. 21-5413(b)(1)(B), and misdemeanor battery, in violation of K.S.A. 2015 Supp. 21-5413(a)(1). For each of these lesser included

3

instructions, the trial court also asked the jury to determine whether the crime was an act of domestic violence. See K.S.A. 2015 Supp. 22-4616.

The jury found Carter guilty as charged of aggravated battery for causing great bodily harm or disfigurement in violation of K.S.A. 2015 Supp. 21-5413(b)(1)(A). The jury also found this crime was an act of domestic violence. Carter was sentenced to 154 months' imprisonment, followed by 36 months of postrelease supervision. He filed several posttrial motions, including one asserting the trial court had erred by not instructing the jury on the lesser included offense of domestic battery. The trial court denied the motion. Carter appeals.

IS DOMESTIC BATTERY A LESSER INCLUDED OFFENSE OF AGGRAVATED BATTERY?

Carter contends that domestic battery as provided in K.S.A. 2015 Supp. 21-5414(a)(1) is a lesser included offense of aggravated battery as provided in K.S.A. 2015 Supp. 21-5413(b)(1)(A). Although he did not request a domestic battery instruction at trial, Carter asserts it was both legally and factually appropriate for the trial court to instruct the jury regarding this lesser offense. Moreover, Carter argues that the trial court's failure to properly instruct the jury in this regard was clear error because the jury would have reached a different verdict if the trial court had instructed the jury on domestic battery.

In response, the State maintains that "[w]here the record discloses that the instruction, requested for the first time on appeal, was neither legally nor factually appropriate, and there is not a reasonable likelihood that the jury would have returned a conviction for that offense, defendant is not entitled to the relief that he seeks."

We begin our analysis with a brief summary of our standard of review in cases where the appellant asserts instructional error. The question of whether domestic battery

4

as provided in K.S.A. 2015 Supp. 21-5414(a)(1) is a lesser included offense of aggravated battery as provided in K.S.A. 2015 Supp. 21-5413(b)(1)(A) is a purely legal question over which this court has unlimited review. See *State v. McKissack*, 283 Kan. 721, 725, 156 P.3d 1249 (2007).

Kansas courts follow a multistep analytical progression to determine whether a trial court made a jury instruction error, and, if so, what is the appropriate remedy:

"When analyzing jury instruction issues, we (1) determine whether the issue can be reviewed, (2) determine whether any error occurred, and (3) finally determine whether any error requires reversal. See *State v. Williams*, 295 Kan. 506, 515-16, 286 P.3d 195 (2012); see also *State v. Plummer*, 295 Kan. 156, 163, 283 P.3d 202 (2012) (explaining that 'reviewability' must be considered from both jurisdiction and preservation standpoints).

"The first and third steps are interrelated in that whether a party has preserved an issue for review will have an impact on the standard by which we determine whether an error is reversible. See *Williams*, 295 Kan. at 515-16. If a party preserves a jury instruction issue by raising an appropriate argument before the trial court, there are no reviewability problems: We will determine whether there was an error and, if so, ask whether it was 'harmless.' *Plummer*, 295 Kan. at 162; see *Williams*, 295 Kan. at 518; see also K.S.A. 60-261.

"On the other hand, if, as in this case, a party fails to preserve an objection to the jury instructions by not raising the argument before the trial court, we will still review whether the instruction was legally and factually appropriate but will reverse only for 'clear error.' *Williams*, 295 Kan. at 510. An instruction is clearly erroneous when "'the reviewing court is firmly convinced that the jury would have reached a different verdict had the instruction error not occurred."' *State v. Trujillo*, 296 Kan. 625, 631, 294 P.3d 281 (2013) (quoting *Williams*, 295 Kan. at 516); see *Williams*, 295 Kan. at 516 (explaining that the burden to show clear error remains on the party seeking reversal)." *State v. Barber*, 302 Kan. 367, 376-77, 353 P.3d 1108 (2015).

5

Of note, in the second step of the analysis where we determine whether any error occurred, we consider both the *legal* appropriateness of the requested instruction and the *factual* appropriateness of the instruction. *State v. Armstrong*, 299 Kan. 405, 433, 324 P.3d 1052 (2014). On appeal, all steps in this analysis are reviewed independently without any deference to the rulings of the district court. See *State v. Charles*, 304 Kan. 158, 165, 372 P.3d 1109 (2016).

Regarding the first step of the analysis, Carter candidly concedes that he did not ask the trial court to instruct the jury on a lesser included offense of domestic battery. He also acknowledges that, as a consequence of not making an objection at trial, he must convince our court that the jury would have reached a different verdict but for the trial court's failure to give the instruction. With those concessions, we next consider whether the trial court's failure to give the jury a lesser included offense instruction on domestic battery was legally appropriate.

The Kansas statute pertaining to lesser included crimes provides in part:

"(b) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or a lesser included crime, but not both. A lesser included crime is:
(1) *A lesser degree of the same crime*, except that there are no lesser degrees of murder in the first degree under subsection (a)(2) of K.S.A. 2015 Supp. 21-5402, and amendmnts thereto;
(2) *a crime where all elements of the lesser crime are identical to some of the elements of the crime charged*;
(3) an attempt to commit the crime charged; or
(4) an attempt to commit a crime defined under paragraph (1) or (2)." (Emphases added.) K.S.A. 2015 Supp. 21-5109.

The strict elements test set forth in K.S.A. 2015 Supp. 21-5109(b) means that, when considering whether one crime is a lesser included offense of another crime, a

6

court's inquiry is "limit[ed] . . . to the *strict elements* of the crimes." (Emphasis added.) *McKissack*, 283 Kan. at 728.

Kansas criminal procedure advises district courts: "In cases where there is some evidence which would reasonably justify a conviction of some lesser included crime as provided in subsection (b) of K.S.A. 2015 Supp. 21-5109, and amendments thereto, the judge shall instruct the jury as to the crime charged and any such lesser included crime." K.S.A. 2015 Supp. 22-3414(3).

In this case, the State charged Carter with aggravated battery, defined as "[k]nowingly causing great bodily harm to another person or great disfigurement of another person." K.S.A. 2015 Supp. 21-5413(b)(1)(A). In accordance with this statute, the jury instruction for this charge read:

> "In count 1, the defendant is charged with Aggravated Battery causing great bodily harm or disfigurement. The defendant pleads not guilty.
> "To establish this charge, each of the following claims must be proved:
> "1. The defendant knowingly caused great bodily harm or disfigurement to Myrae Thomas and,
> "2. This act occurred on or about the 20th day of June, 2014, in Sedgwick County, Kansas."

The district court also instructed the jury on a lesser degree of the same crime of aggravated battery as found in K.S.A. 2015 Supp. 21-5413(b)(1)(B). This jury instruction provided:

> "If you do not agree that the defendant is guilty of Aggravated Battery causing great bodily harm or disfigurement, you should then consider the first lesser included offense of Aggravated Battery causing bodily harm in a manner whereby great bodily harm or disfigurement can be inflicted.

7

"To establish this charge, each of the following claims must be proved:

"1. The defendant knowingly caused bodily harm to Myrae Thomas in any manner whereby great bodily harm or disfigurement can be inflicted

and

"2. This act occurred on or about the 20th day of June, 2014, in Sedgwick County, Kansas."

Finally, the district court instructed the jury on the lesser included offense of simple or misdemeanor battery, which in this case meant "[k]nowingly or recklessly causing bodily harm to another person." K.S.A. 2015 Supp. 21-5413(a)(1). This jury instruction read:

"If you do not agree that the defendant is guilty of Aggravated Battery causing great bodily harm or disfigurement or the first lesser included offense of Aggravated Battery causing bodily harm in a manner whereby great bodily harm or disfigurement can be inflicted, you should then consider the second lesser included offense of battery.

"To establish this charge, each of the following claims must be proved:

"1. The defendant knowingly caused bodily harm to Myrae Thomas,

"2. This act occurred on or about the 20th day of June, 2014, in Sedgwick County, Kansas."

On appeal, Carter does not object to the district court providing these two lesser included instructions to the jury. Rather, he claims error because the district court did not provide the jury with the option to consider what he asserts was a third lesser included instruction for the crime of domestic battery.

K.S.A. 2015 Supp. 21-5414(a)(1) codifies the crime of domestic battery and defines it as "[k]nowingly or recklessly causing bodily harm by a family or household member against a family or household member." The Pattern Instructions for Kansas (PIK) Criminal 4th sets forth the elements of domestic battery:

8

"To establish this charge, each of the following claims must be proved:

"1.  The defendant (knowingly) (recklessly) caused bodily harm to [the victim].

OR

"1.  The defendant knowingly caused physical contact with [the victim] in a rude, insulting or angry manner.

"2.  *The defendant and* [*the victim*] *were family or household members.*

"3.  This act occurred on or about the _____ day of _____, in _____ County, Kansas." (Emphasis added.) PIK Crim. 4th 54.360 (2014 Supp.).

The question presented in this appeal is whether domestic battery as provided in K.S.A. 2015 Supp. 21-5414(a)(1) is a lesser included offense of aggravated battery as provided in K.S.A. 2015 Supp. 21-5413(b)(1)(A). If Carter is correct and domestic battery is a lesser included offense, then the district court erred in not submitting this instruction to the jury for its consideration.

In support of his contention, Carter cites two unpublished Kansas Court of Appeals cases:  *State v. Howard*, No. 102,738, 2011 WL 867584 (Kan. App. 2011) (unpublished opinion), and *State v. Tisdale*, No. 100,471, 2009 WL 2371019 (Kan. App. 2009) (unpublished opinion). In *Howard*, the defendant was charged with the aggravated battery of his girlfriend on Valentine's Day. The altercation consisted of Howard punching his girlfriend several times in the face, strangling her, and breaking a chair over her leg. At trial, Howard requested an instruction on the lesser included offense of battery but the trial court declined. The jury convicted Howard as charged of aggravated battery.

On appeal, Howard claimed the trial court erred in declining to instruct the jury on the lesser included offense of battery and, for the first time, complained that the trial court also committed clear error by not instructing the jury on the lesser included offense of domestic battery. A panel of our court reversed Howard's conviction, finding that,

9

reviewing the evidence in the light most favorable to the defendant, the jury could have convicted Howard of simple battery. *Howard*, 2011 WL 867584, *2-3.

Without any discussion of whether domestic battery was a legally appropriate lesser included offense of aggravated battery, the panel then reviewed the trial evidence and found it was sufficient to support the offense of domestic battery because there was testimony that Howard and his girlfriend lived together at the time of the crime. 2011 WL 867584, at *3. The panel concluded, "[T]he trial court erred in failing to instruct the jury on the lesser included offenses of simple battery and domestic battery." 2011 WL 867584, at *3.

We disagree with the panel's conclusion in *Howard* and do not consider the opinion as precedent in this appeal. As our Supreme Court stated in *Graham v. Herring*, 297 Kan. 847, 861, 305 P.3d 585 (2013):

> "[I]n *State v. Urban*, 291 Kan. 214, 223, 239 P.3d 837 (2010), we held that a Court of Appeals panel had the right to disagree with a previous panel of the same court. Moreover, pursuant to our Supreme Court Rule 7.04(g)(2)(A) (2012 Kan. Ct. R. Annot. 58), an unpublished memorandum opinion is not binding precedent, except as may occur through the doctrines of law of the case, res judicata, or collateral estoppel."

Of note, none of these doctrines are applicable in this appeal.

As we read *Howard*, the question before the panel was whether the district court erred in finding it was *factually* inappropriate to submit battery and domestic battery lesser included offense instructions to the jury. The question of the *legality* of providing such instructions as lesser included offenses was not raised on appeal. As a result, the panel did not analyze the legal appropriateness of providing the jury with domestic battery as a lesser included instruction. Because we disagree with the panel's conclusion

10

in its unpublished opinion in *Howard*, we do not consider that opinion as precedent to guide us in this appeal.

Next, Carter turns to *Tisdale* to support his argument. But *Tisdale* was an appeal of a denial of a motion to correct illegal sentence, a matter unrelated to whether domestic battery is a lesser included offense of aggravated battery. Moreover, in *Tisdale*, the panel specifically noted that domestic battery is noteworthy for its separate element that requires proof that the defendant and victim were family or household members. 2009 WL 2371019, at *2; see PIK Crim. 4th 54.360 (2014 Supp.).

The State, on the other hand, cites to a more recent unpublished Court of Appeals opinion, *State v. Chavez*, No. 108,955, 2014 WL 1795760 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1048 (2015). In *Chavez*, a panel of our court considered the question of whether convictions for both aggravated battery and domestic battery were multiplicitous. 2014 WL 1795760, at *3. First, the panel analyzed the purposes of aggravated battery and simple battery—both of which "attempt to regulate conduct among members of the general public by criminalizing and punishing specified forms of inappropriate physical contact"—and distinguished them from domestic battery—which seeks to "deter one adult member of a household from chronically abusing another adult in the same household." 2014 WL 1795760, at *5. Next, the panel examined the respective legal histories of aggravated battery and domestic battery, finding that the two offenses did not include comparable provisions or "share especially strong common-law antecedents." 2014 WL 1795760, at *5. Accordingly, the *Chavez* panel found that domestic battery is not a lesser degree of aggravated battery and ruled that the two offenses were not multiplicitous. 2014 WL 1795760, at *4, 6.

Finally, *State v. Monahan*, No. 95,778, 2006 WL 3231404 (Kan. App. 2006) (unpublished opinion), provides additional support that domestic battery is not a lesser included offense of aggravated battery. As with *Chavez*, the defendant in *Monahan*

11

argued that his convictions for both aggravated battery and domestic battery were multiplicitous. The panel compared the statutes for both domestic battery and aggravated battery and found that "[t]he two offenses do not share identical elements." 2006 WL 3231404, at *5. Of particular relevance to K.S.A. 2015 Supp. 21-5109(b)(2) in this case, the panel noted that the defendant's "domestic battery conviction required proof of bodily harm to a household member, which is not an element of his aggravated battery conviction." 2006 WL 3231404, at *5.

Applying K.S.A. 2015 Supp. 21-5109(b), the statute which controls the determination of what crimes are lesser included crimes, and comparing the separate elements of the crimes of domestic battery and aggravated battery, yields the evident conclusion that domestic battery as provided in K.S.A. 2015 Supp. 21-5414(a)(1) is not a lesser included offense of aggravated battery as provided in K.S.A. 2015 Supp. 21-5413(b)(1)(A).

First, applying subsection (1) of K.S.A. 2015 Supp. 21-5109(b), domestic battery is not "[a] lesser degree of the same crime," in this case, aggravated battery. Aggravated battery as provided in K.S.A. 2015 Supp. 21-5413(b)(1)(A) is a severity level 4, person felony. K.S.A. 2015 Supp. 21-5413(g)(2)(A). There are, however, six lesser degrees of aggravated battery ranging in severity levels of 5, 7, and 8, person felonies. See K.S.A. 2015 Supp. 21-5413(g)(2)(B)-(D). Domestic battery, on the other hand, is not listed as one of the lesser degrees of aggravated battery, but it is a separate crime statutorily defined in K.S.A. 2015 Supp. 21-5414(a).

Second, applying subsection (2) of K.S.A. 2015 Supp. 21-5109(b), domestic battery is not "a crime where all elements of the lesser crime are identical to some of the elements of the crime charged." See *McKissack*, 283 Kan. at 727 ("a lesser included offense is one where all elements of the lesser crime are identical to some of the elements of the crime charged"). As noted in both *Chavez* and *Monahan*, domestic battery requires

12

proof of the element that the physical contact or bodily harm was caused by "a family or household member against a family or household member." K.S.A. 2015 Supp. 21-5414(a)(1); see *Chavez*, 2014 WL 1795760, at \*4; *Monahan*, 2006 WL 3231404, at \*5. That element is unique to the crime of domestic battery and is not found in the crime of aggravated battery. See K.S.A. 2015 Supp. 21-5413(b)(1)(A).

In summary, applying K.S.A. 2015 Supp. 21-5109(b), we hold that domestic battery as provided in K.S.A. 2015 Supp. 21-5414(a)(1) is not a lesser included offense of aggravated battery as provided in K.S.A. 2015 Supp. 21-5413(b)(1)(A). Accordingly, the trial court did not err in failing to instruct the jury on the crime of domestic battery as a lesser included offense.

Given our holding that a domestic battery instruction was not legally appropriate, we decline to address Carter's additional contention that providing the jury with such an instruction was also factually appropriate in this case.

DID THE DISTRICT COURT ERR IN SENTENCING?

Carter also claims a sentencing error. He contends the district court violated his Sixth and Fourteenth Amendment rights as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Carter asserts the error occurred when the district court enhanced his sentence based on his criminal history without first requiring the State to include his prior convictions in the complaint and to prove those convictions to a jury beyond a reasonable doubt.

Many years ago, our Supreme Court rejected a similar argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). Since then, the Supreme Court has reaffirmed *Ivory* on multiple occasions. See *State v. Williams*, 299 Kan. 911, 941, 329 P.3d 400

13

(2014); *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013); *State v. Fewell*, 286 Kan. 370, 394-96, 184 P.3d 903 (2008).

The Kansas Court of Appeals is required to follow Supreme Court precedent absent some indication that our Supreme Court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). As the above citations make clear, there is every indication that our Supreme Court is adhering to its precedent established in *Ivory*. We hold the district court did not err when it considered Carter's criminal history in determining his lawful sentence.

Affirmed.