IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,219

STATE OF KANSAS,
*Appellee*,

v.

CHARLES A. BECK, JR.,
*Appellant*.

SYLLABUS BY THE COURT

Sentence recommendations made pursuant to a plea agreement are not binding on the sentencing court.

Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed December 8, 2017. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: In September 2013, the State charged Charles A. Beck, Jr. with one count each of first-degree murder and attempted first-degree murder. The complaint alleged Beck killed Lonnie Staggs by strangulation and attempted to kill Staggs' 15-year-old son by cutting him with a knife and strangling him with a cord.

1

After the district court found Beck competent to stand trial, he entered into a plea agreement with the State. In exchange for Beck's guilty pleas to both counts, the State agreed to request a hard 25 life sentence for the first-degree premeditated murder count and ask the court to impose the maximum grid-box sentence for the attempted first-degree murder, though Beck was free to request a lesser sentence. The real incentive to Beck was the State's agreement to recommend to the sentencing court that the sentences be ordered to run concurrently, "for a total anticipated sentence of life in prison with parole eligibility after 25 years."

Before the district judge accepted Beck's guilty pleas, he ensured Beck understood the court was not bound by the plea agreement and that the court could order the sentences to run consecutive to one another. Beck said he understood, and the judge accepted his pleas. Prior to sentencing, Beck filed a motion asking the court to grant a downward durational departure on the attempted first-degree murder count. The motion cited mitigating factors such as his "rough upbringing"; a history of "auditory and visual hallucinations"; the fact that his only felonies were from 2006; and his belief that a consecutive sentence to his life imprisonment would be "exceedingly harsh."

At the initial sentencing hearing, the court found Beck had a criminal history score of C. Staggs' mother and stepbrother gave statements outlining the brutal nature of the crimes. They both ultimately asked the court to not allow Beck to "see the light of day again." The State made recommendations consistent with the plea agreement.

The court imposed a hard 25 life sentence for the first-degree premeditated murder. It erroneously stated the applicable sentencing range for the attempted first-degree murder count was 147 to 165 months. See K.S.A. 2013 Supp. 21-5301(c)(1) ("An attempt to commit an off-grid felony shall be ranked at nondrug severity level 1."); K.S.A. 2013 Supp. 21-6804 (stating that a nondrug severity level 1 crime with a criminal

2

history score of C results in a presumptive range of 258 to 285 months). It then sentenced Beck to serve 165 months in prison. Lastly, despite the parties' joint recommendation, the court decided to run the sentences consecutively rather than concurrently.

At some point thereafter, the court was made aware of the sentencing error. At resentencing, the court stated the correct presumptive sentencing range for the attempted murder conviction was 258 to 285 months. Nonetheless, it granted Beck's request to depart downward to the original sentence—165 months' imprisonment.

Beck timely appealed his sentence to this court. See K.S.A. 2016 Supp. 22-3601(b)(3) (providing for direct appeal to the Supreme Court from a district court's final judgment when a maximum sentence of life imprisonment has been imposed); see also *State v. Looney*, 299 Kan. 903, 908, 327 P.3d 425 (2014) (appellate jurisdiction exists when defendants receive a downward departure).

Beck's sole argument on appeal is the district court erred when it refused to follow the plea agreement's recommendation by running his sentences concurrent to each other. Because such decisions lie within the sound discretion of sentencing courts, we review them for an abuse of discretion. *State v. Mosher*, 299 Kan. 1, 2, 319 P.3d 1253 (2014). A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Mattox*, 305 Kan. 1015, 1029-30, 390 P.3d 514 (2017). It is Beck's burden to demonstrate an abuse of discretion. See *State v. Baker*, 297 Kan. 482, 484, 301 P.3d 706 (2013). "[I]n Kansas both parties to a plea agreement assume the risk the sentencing court will impose a sentence different than the sentence recommended as part of the plea agreement because sentence recommendations made pursuant to a plea bargain are not binding on the trial court." *State v. Boley*, 279 Kan. 989, 996, 113 P.3d 248 (2005).

3

The district court explained its reason for imposing consecutive sentences as follows:

> "I'm very well aware of the plea agreement. I've given it a lot of thought. There were two victims. The defendant killed Miss Staggs, and we have a 15-year-old child who had to undergo strangulation, cutting of the neck, cutting of the ear.

> "There's no doubt in the Court's mind that Mr. Beck was wanting to kill the 15-year-old child. And he, fortunately, didn't succeed. But in the Court's opinion, it would be a travesty of justice to not run the time consecutive for what Mr. Beck did."

On appeal, Beck recognizes he must demonstrate the court's decision was an abuse of discretion. Beck believes the court abused its discretion because he accepted responsibility for his actions and spared the victims' family and the State from the pain and expense of trial. We fail to see how the court's decision was arbitrary, fanciful, or unreasonable given the convincing rationale advanced by the district court. See *Baker*, 297 Kan. at 485 ("Neither Baker's acceptance of responsibility, his expression of remorse, any savings to the State that resulted from Baker's decision to enter a plea, nor any combination of these considerations offset the compelling reason stated by the judge for imposing the consecutive sentences."); see also *Ewing v. California*, 538 U.S. 11, 25, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003) ("A sentence can have a variety of justifications, such as incapacitation, deterrence, retribution, or rehabilitation.").

Moreover, we note that Beck received a nearly 10-year reduction in his sentence when the court departed to 165 months' imprisonment on the attempted first-degree murder. The district court did not abuse its discretion.

Affirmed.

4