NOT DESIGNATED FOR PUBLICATION

No. 114,443

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMACA EDWARDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; LORI A. FLEMING, judge. Opinion filed April 8, 2016. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., MCANANY and POWELL, JJ.

*Per Curiam*:  Jamaca Edwards claims the district court abused its discretion in revoking her probation in her 2014 case and in imposing a prison sentence in her 2015 case. She also argues that the district court violated her due process rights by using a prior conviction to calculate her criminal history without a jury finding of that fact.

Pursuant to a plea agreement in her 2014 case, Edwards pled no contest to two counts of felony theft, and the State dismissed the remaining counts. In September 2014, the district court accepted her pleas and sentenced her to serve consecutive 7-month prison terms for each conviction but suspended the sentences and granted probation for 12 months.

1

In January 2015, the State moved to revoke Edwards' probation for violations of the conditions of her probation, including the commission of new criminal offenses. In that new 2015 case, the State charged Edwards with criminal trespass and two counts of felony theft. Pursuant to another plea agreement, Edwards pled no contest to one count of felony theft and stipulated to having violated her probation in her 2014 case. In exchange, the State (1) dismissed the remaining counts in the 2015 case, (2) agreed to recommend the standard penalty within the applicable gridbox, and (3) agreed to recommend probation in both the 2014 and 2015 cases on the condition that Edwards be supervised by community corrections and undergo inpatient drug treatment. The court accepted Edwards' plea and her stipulation.

In June 2015, the district court revoked Edwards' probation in her 2014 case and ordered her to serve the consecutive sentences originally imposed. In her 2015 case, the court imposed a 9-month prison sentence, to be served consecutive to the sentences imposed her 2014 case.

Edwards appeals. Her attorney moved for summary disposition of this appeal without briefing under Kansas Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response generally agreeing that summary disposition of the appeal was appropriate. Accordingly, we will consider Edwards' appeal under Kansas Supreme Court Rule 7.041A.

Edwards contends that the district court abused its discretion in revoking probation in her 2014 case. Judicial discretion is abused when the court exercises its authority within the wrong legal framework; relies on a factual basis that is unsupported by the appellate record; or makes an otherwise arbitrary, fanciful, or unreasonable decision that any reasonable person in the position of the court would have rejected. See *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014); *State v. Gumfory*, 281 Kan. 1168, 1170,

2

135 P.3d 1191 (2006). Edwards bears the burden of demonstrating an abuse of discretion on appeal. See *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009).

Edwards fails to demonstrate any such abuse under the circumstances presented in this case. She was charged with multiple counts of theft in her 2014 case. She obtained the benefit of a favorable plea agreement dismissing the majority of the counts and was given probation. Approximately a month later, Edwards violated the conditions of her probation by failing to report to her probation officer on two occasions. The probation officer ordered Edwards to serve a sanction of 3 days in jail in lieu of filing a motion to revoke her probation. Edwards failed to appear at the jail.

Edwards did not obtain employment during the 4 months prior to the State's motion to revoke her probation and had not complied with case plan requirements in her child-in-need-of-care case. She either provided an invalid address to her probation officer or moved without informing the officer because mail from the officer was returned. In 4 months, Edwards had performed only 4 1/2 hours of a 50-hour requirement for community service.

Three days before Edwards was supposed to report for her jail sanction, she committed thefts at two different locations in Pittsburg. Because Edwards committed new offenses while on probation, the district court was not required to consider intermediate sanctions. See K.S.A. 2015 Supp. 22-3716(c)(1)(E)(8).

In revoking Edwards' probation, the district court acknowledged that Edwards had recently completed inpatient treatment for her drug addiction. But the court noted that the same inpatient treatment would have been available to Edwards during her probation in her 14 earlier convictions. Given Edwards' complete lack of success on this probation, the district court concluded that revocation was warranted. Under these circumstances, we

3

cannot conclude that no reasonable judge considering the probation disposition in this matter would have ruled similarly. The district court's decision to revoke Edwards' probation and impose the underlying prison sentence was not an abuse of judicial discretion.

Next, Edwards challenges the district court's imposition of a prison sanction in her 2015 case. But we lack jurisdiction to consider any such challenge. The district court imposed the standard presumptive sentence in Edwards' 2015 case. The applicable gridbox calls for presumptive probation. See K.S.A. 2015 Supp. 21-6804(a). But, under K.S.A. 2015 Supp. 21-6604(f)(1), a district court may impose a prison sentence for the commission of a new felony while a defendant is on probation for a felony even if the sentencing guidelines indicates the new felony falls within the presumptive probation range. The imposition of prison in such cases is not a departure. See K.S.A. 2015 Supp. 21-6604(f)(1). A sentence that does not constitute a departure is legally considered a presumptive sentence. *State v. Dean*, 273 Kan. 929, 935-36, 46 P.3d 1130 (2002). We lack jurisdiction to review any sentence within the presumptive sentencing range for the offense. See K.S.A. 2015 Supp. 21-6820(c)(1); *State v. Huerta*, 291 Kan. 831, 837, 247 P.3d 1043 (2011).

Finally, Edwards claims the district court violated her due process rights by using her criminal history to calculate the appropriate prison term under the guidelines without proving her criminal history to a jury, a practice contrary to the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

The *Apprendi* argument Edwards raises was rejected by the Kansas Supreme Court in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We must apply Kansas Supreme Court precedent absent some indication that the court is departing from its precedent. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan.

4

__ (September 14, 2015). The court has consistently upheld its reasoning in *Ivory*. See, *e.g.*, *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013); *State v. Brown*, 295 Kan. 181, 216, 284 P.3d 977 (2012). Consequently, this argument provides no basis for relief.

Affirmed in part and dismissed in part.