NOT DESIGNATED FOR PUBLICATION

No. 114,471

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

POLO L. MILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed May 13, 2016. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MCANANY, P.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*: Polo Miller appeals his sentences for various sex crimes following the pleas he entered pursuant to a plea agreement with the State and pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). He filed a motion for summary disposition of his appeal pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). We granted Miller's motion for summary disposition in lieu of briefs.

In the plea agreement the State agreed to dismiss three additional charges and to recommend a mid-number sentence for all counts, which would run consecutively for a total sentence of 204 months, the maximum time allowable under the double rule. See K.S.A. 2015 Supp. 21-6819(b)(4).

1

Before sentencing, Miller moved for a departure sentence, claiming that the following were substantial and compelling reasons to depart: (1) his prior convictions were unrelated to the current crimes; (2) the victims were willing participants so the degree of harm was less; (3) he played only a minor role in the crimes; (4) he was 20 years of age at the time of the crimes, and his age and immaturity make it less likely that he will commit crimes in the future; and (5) a departure would promote offender reformation.

At sentencing, the district court denied Miller's motion and sentenced him to a mid-grid box presumptive sentence of 102 months for the primary count, 59-month consecutive sentences for other counts, and a 6-month sentence for the final count. His sentence was then statutorily reduced to twice the controlling sentence of 204 months. See K.S.A. 2015 Supp. 21-6819(b)(4).

On appeal, Miller first contends that the district court erred in denying his motion to depart because substantial and compelling reasons existed to support his motion. Miller provides no argument or support for this contention.

The district court sentenced Miller in accordance with the Kansas Sentencing Guidelines Act, and he received presumptive sentences. See K.S.A. 2015 Supp. 21-6801 *et seq.* A sentence that does not constitute a departure is legally considered a presumptive sentence. *State v. Dean*, 273 Kan. 929, 935-36, 46 P.3d 1130 (2002). A nondeparture sentence that falls within the presumptive sentence for the crime is not reviewable by an appellate court. K.S.A. 2015 Supp. 21-6820(c)(1); *State v. Huerta*, 291 Kan. 831, 837, 247 P.3d 1043 (2011). Accordingly, we lack jurisdiction to review this issue and must dismiss it.

For the first time on appeal, Miller contends the imposition of lifetime postrelease supervision is cruel and unusual punishment under the Eighth Amendment to the United

2

States Constitution and § 9 of the Kansas Constitution Bill of Rights. In *State v. Naputi*, 293 Kan. 55, 67-68, 260 P.3d 86 (2011), our Supreme Court reiterated: "We have repeatedly stated that the issue of cruel and/or unusual punishment will not be reviewed for the first time on appeal because it requires the district court's findings upon the three-part test established in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978). [Citations omitted.]"

Because the constitutionality of the lifetime postrelease supervision was never challenged in the district court, the district court made no findings under *Freeman* for us to review. Miller does not request a remand to the district court for it to conduct a fact-specific analysis under *Freeman* nor does he provide any argument or explanation as to why lifetime postrelease supervision constitutes cruel and unusual punishment in this case. A point raised incidentally on appeal but not argued is deemed abandoned. *State v. Llamas*, 298 Kan. 246, 264, 311 P.3d 399 (2013). Miller has abandoned this issue. This claim is dismissed.

Finally, Miller claims the district court used his criminal history to calculate his prison term without proving his criminal history to a jury, in violation of his rights as expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Miller's *Apprendi* argument was rejected by the Kansas Supreme Court in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We must adhere to Kansas Supreme Court precedent absent some indication that the court is departing from its precedent. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. __ (September 14, 2015). We see no such indication. Our Supreme Court has consistently upheld its reasoning in *Ivory*. See, *e.g.*, *State v. Hall*, 298 Kan. 978, 991, 319 P.3d 506 (2014); *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013). Accordingly, we follow the holding in *Ivory* and these later cases.

Affirmed in part and dismissed in part.