IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,962

STATE OF KANSAS,
*Appellee*,

v.

CURTIS T. HORN,
*Appellant*.

SYLLABUS BY THE COURT

1.

It is generally within a sentencing judge's discretion to determine whether a sentence should run concurrent with or consecutive to another sentence.

2.

Judicial discretion may be abused in three ways: (a) if no reasonable person would have taken the view adopted by the trial court; (b) if the judicial action is based on an error of law; or (c) if the judicial action is based on an error of fact.

Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed June 19, 2015. Affirmed.

*Joanna Labastida*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Curtis T. Horn pleaded guilty to two counts of felony murder and received consecutive life sentences. He directly appeals the consecutive nature of the sentences. We affirm because Horn has not demonstrated that the district court abused its discretion by imposing consecutive life sentences.

FACTUAL AND PROCEDURAL BACKGROUND

Horn pleaded guilty to two counts of felony murder based on the February 2, 2013, deaths of his girlfriend, Brandi Johnson, and Johnson's 2-year-old niece, Amiyah McClenton. At the plea hearing, Horn admitted he intentionally set fire to an apartment, killing Johnson and McClenton.

For its factual basis supporting the plea, the State summarized that Horn and Johnson argued and then Horn hit and strangled Johnson until he believed she stopped breathing. McClenton came out of her room and witnessed this. The State then explained:

"[T]he child was a verbal child, she knew who [Horn] was, she could speak. At that point, [Horn] then led the child back into her bedroom [and] shut the door. He then set a fire out in the living room and then left the apartment, did not call the police, but called his father to pick him up and basically walked away from the scene. That fire consumed the apartment and it killed both [Johnson] and [McClenton]."

Horn's counsel clarified that, according to Horn's statement, Horn intentionally set the fire in the room Johnson was in but he did not anticipate that the fire would kill McClenton.

2

In advance of sentencing, Horn filed a motion seeking concurrent sentences because he: (1) cooperated with police; (2) showed remorse; (3) had his family's support; (4) lacked a serious prior criminal record; (5) waived his preliminary hearing and pleaded guilty, which saved the State resources and the victims' family from reliving the experience; and (6) was impaired by cocaine and alcohol use. He also argued concurrent sentences served the interest of justice because both killings were committed at the same time as part of one event and he was enraged after Johnson struck him. Horn alleged he did not know that setting fire to the living room would cause McClenton's death.

At the sentencing hearing, defense counsel renewed the motion for concurrent sentences based on the same grounds and the State opposed it. The State recommended consecutive life sentences, arguing Horn deserved a life sentence for each life he took, was a danger to the community, and should not be parole eligible at 57 years old. In addition, at least 20 of the victims' family and friends spoke, and many of them asked for the maximum penalty. Horn also addressed the court, indicating he was "deeply sorry for what took place" and did not mean for McClenton to get caught in the fire. He said he was under the influence of drugs and alcohol the day he killed the victims and thinks about his crimes every day.

The district court denied Horn's request and sentenced him to two consecutive life sentences with a mandatory minimum of 20 years each. Horn directly appeals to this court. Our jurisdiction arises under K.S.A. 2014 Supp. 22-3601(b)(3) (maximum sentence of life imprisonment imposed).

NO ABUSE OF DISCRETION

Horn acknowledges the trial court generally has discretion to determine if a sentence should run concurrent with or consecutive to another sentence. *State v. Mosher*,

3

299 Kan. 1, 2-3, 319 P.3d 1253 (2014) (citing *State v. Ross*, 295 Kan. 1126, 1138, 289 P.3d 76 [2012]). And as this court recently noted in *Mosher*, this principle of judicial discretion is so entrenched that the legislature prohibits defendants from raising it if the sentence is imposed under what is now the Revised Kansas Sentencing Guidelines Act (RKSGA), K.S.A. 2014 Supp. 21-6801 *et seq*. See K.S.A. 2014 Supp. 21-6820(c)(1); *Mosher*, 299 Kan. at 2-3. But Horn's life sentences are off-grid, so they do not fall under the RKSGA. See *Ross*, 295 Kan. at 1137-38. Horn may appeal the consecutive nature of his sentences, but he must establish an abuse of discretion to prevail.

Judicial discretion may be abused in three ways: (1) if no reasonable person would have taken the view adopted by the trial court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* __ U.S. __, 132 S. Ct. 1594 (2012). Horn argues the district court ordered consecutive sentences without explanation and that no reasonable person would agree. The record demonstrates otherwise.

When imposing consecutive sentences, the district judge acknowledged the reasons proffered by defense counsel and Horn, and then he stated:

> "I believe all parties and everyone here in the courtroom is in agreement that the events of February 2nd are tragic. What started out as an argument between the defendant and Ms. Johnson escalated into a physical confrontation and then the defendant ultimately strangled Ms. Johnson to her death. Obviously the killing of another person is a tragedy in and of itself. Unfortunately, however, sometimes as a society, we become numb to domestic violence even when it results in the loss of life. Whatever the reason was for the argument, whatever caused it to escalate to the point that it did, those reasons are irrelevant. The bottom line is that the defendant strangled [Johnson] to her death.
>
> "In this case, however, it was the actions of [Horn] immediately after he strangled [Johnson] that are truly troubling and truly horrific. [McClenton] was not yet

4

three years old . . ., yet [Horn], for reasons only known to him, decided she could be used as a witness against him as she observed him causing the death of [Johnson]. Defendant placed the child in a bedroom and lit the apartment on fire. Young [McClenton] eventually died of smoke inhalation. . . She was not yet able to even have dreams of what her life could be. Her life ended suddenly, tragically, inexplicably."

The court further noted Horn placed many other lives at risk by setting fire to the apartment building. And as to Horn accepting responsibility for his actions, the court concluded there was no rational explanation for what he did and that Horn must face the consequences.

We hold the district court did not abuse its discretion when it ordered Horn to serve the sentences consecutively. The district court made an adequate record of its decision. It specifically acknowledged Horn's proffered reasons for imposing concurrent sentences, but it ordered consecutive sentences citing the senseless nature of the crime and the vulnerability of the child victim. Based on the case facts, a reasonable person could agree with the district court's decision to run the sentences consecutively.

Affirmed.