IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,720

STATE OF KANSAS,
*Appellee*,

v.

ALEX W. BRUNE,
*Appellant*.

SYLLABUS BY THE COURT

It is generally within a sentencing judge's discretion to determine whether a sentence should run concurrent with or consecutive to another sentence.

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed February 2, 2018. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  On July 9, 2014, Alex W. Brune stabbed Brian Baskind and his father, Clifford Preston, to death while burglarizing Baskind's home in Lenexa. During the course of the crime, Brune was shot in the abdomen, which necessitated a 911 call from Brune after the killings but while he was still in the home.

While recovering at the hospital, Brune told law enforcement officers two men kidnapped him from his home and took him to the house where they forced him into the

basement. According to Brune, a struggle ensued when he tried to escape; the younger man shot Brune; and Brune stabbed both men.

As the criminal investigation progressed, however, officers discovered Brune had concocted the story in an attempt to conceal the botched burglary. While searching Baskind's home, officers located a mask and painted airsoft pistol belonging to Brune. Brune's cell phone revealed he had recently visited a website about how to "avoid leaving DNA at a scene" and an internet search asking, "What is the rich part of Kansas City?"

Brune eventually pled guilty to two counts of first-degree felony murder. The plea agreement provided the parties were "open on concurrent/consecutive counts." At sentencing, Brune presented testimony from Dr. Mitchell Flesher, a licensed psychologist. Although Brune "demonstrated a slightly above average number of externalizing or acting out behaviors," Dr. Flesher observed that he did not exhibit "any significant symptoms in . . . things like anxiety and depression and physical health complaints, emotional distress, paranoia, [or] unusual sensory experiences." And although Brune expressed "fairly prominent anxiety-related concerns" and "reexperiencing symptoms" that are consistent with post-traumatic stress disorder (PTSD), Dr. Flesher did not diagnose Brune with PTSD. In fact, Dr. Flesher did not diagnose Brune with any mental illness.

Following Dr. Flesher's testimony, members of the victims' families gave statements to the court. And after describing to the court the brutal nature of the stabbings, the State requested consecutive sentences. Brune asked the court for leniency, citing the milestones in the lives of his children that he had already missed, as well as those he would miss if the sentences were imposed consecutively. He also accepted responsibility for his actions and told the court he intended to enroll in programs to help reform his behavior. Following closing arguments, the district court decided to impose

2

consecutive hard 25 life sentences, meaning Brune will not be eligible for parole for 50 years.

Brune timely appealed his sentence to this court, and jurisdiction is proper. See K.S.A. 2016 Supp. 22-3601(b)(3) (providing for direct appeal to the Supreme Court from a district court's final judgment when a maximum sentence of life imprisonment has been imposed).

Brune argues the court erred when it refused to run his sentences concurrent to each other. Such decisions traditionally fall within the sound discretion of sentencing courts. *State v. Horn*, 302 Kan. 255, 256-57, 352 P.3d 549 (2015). "In fact, this principle of a judge's discretion is so entrenched that the legislature determined a defendant cannot raise the issue of whether imposing consecutive sentences is an abuse of discretion if the sentence is imposed under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*" *State v. Mosher*, 299 Kan. 1, 2-3, 319 P.3d 1253 (2014). But because Brune's sentences are classified as off-grid crimes, the KSGA does not preclude our review. See *State v. Baker*, 297 Kan. 482, 484, 301 P.3d 706 (2013).

Brune must nevertheless demonstrate the district court's decision to run his sentences consecutive to rather than concurrent with each other was an abuse of discretion. See *Mosher*, 299 Kan. at 3. A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Mattox*, 305 Kan. 1015, 1029-30, 390 P.3d 514 (2017).

The sentencing judge explained her reasoning for running the sentences consecutively as follows:

"The only issue, and it is a significant one the Court is to decide today, is whether these sentences will run concurrent or consecutive with one another.

"And I first want to say that a defendant's family is almost always a secondary victim of a defendant's conduct, and that is certainly true here.

"Mr. Brune, your wife and your children will carry the burden of your actions that night for the rest of their lives, in some way or another, and I wish them all the best, because they did nothing to deserve any of that.

"Taking the life of another human being without justification is, in this court's view, one of, if not the most, egregious act a human being can commit.

"And in this instance, two innocent lives were cut short by your conduct.

"You went to the victim's home armed with a knife and you were clearly ready to use it.

"Clifford Preston and Brian Baskind were murdered, in this court's mind, in a particularly brutal manner that must have been agonizing, both physically and mentally, in the moments before their death.

"And it occurred in a place where they had a right to feel secure and free from any threat, their home.

"And as Mr. Baskind's brother put it, you killed this father and son for stuff.

"This was not a crime of opportunity. This was planned over a period of time with significant preparations made. It was not an impulsive act.

"And then afterwards, to save your own skin, you blamed the victims.

4

"You besmirched the reputation of these two men until the truth became known through the physical evidence.

"I'm ordering that these two counts run consecutive with one another."

Brune believes the court's decision constitutes an abuse of discretion because he accepted responsibility for the crimes and told the court he intended to take courses in anger management and impulse control. In light of these circumstances, he thinks having to serve 50 years in prison before qualifying for parole is "overly harsh."

In our view, the court acted within its sound discretion when imposing consecutive hard 25 life sentences. The record indicates the sentencing judge considered Brune's request and articulated a compelling justification. Neither Brune's acceptance of responsibility, his expression of remorse, his stated intentions to enroll in rehabilitative programs, the negative effects the sentence will have on his relationship with his children, nor any combination of these considerations lead us to conclude the court's decision was arbitrary, fanciful, or unreasonable. See *Baker*, 297 Kan. at 485 ("Neither Baker's acceptance of responsibility, his expression of remorse, any savings to the State that resulted from Baker's decision to enter a plea, nor any combination of these considerations offset the compelling reason stated by the judge for imposing the consecutive sentences."); see also *Ewing v. California*, 538 U.S. 11, 25, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003) ("A sentence can have a variety of justifications, such as incapacitation, deterrence, retribution, or rehabilitation."). Accordingly, the district court did not abuse its discretion.

Affirmed.