NOT DESIGNATED FOR PUBLICATION

No. 123,231

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN H. JONES JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed November 19, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HURST, J., and MCANANY, S.J.

PER CURIAM: John H. Jones Jr. appeals from the summary denial of his pro se motion to correct illegal sentence. In particular, the district court found that Jones "fails to present a substantial question of law or fact." Having considered each of Jones' contentions in light of the record on appeal and based on the legal principles set forth by Kansas law, we do not find any of them to be persuasive. Thus, we affirm the district court's summary denial of Jones' motion to correct illegal sentence pursuant to K.S.A. 22-3504.

1

FACTS

On May 6, 2010, a jury convicted Jones of four counts of aggravated robbery. At sentencing, Jones' criminal history was determined to be E due to five prior nonperson felony convictions in Louisiana. Although Jones initially objected to the classification of one of the prior convictions as a nonperson felony, he later conceded that it would not affect sentence and admitted to a criminal history score of E. The district court ultimately sentenced Jones to a controlling sentence of 184 months in prison.

On direct appeal, Jones' convictions and sentences were affirmed. *State v. Jones*, No, 105,232, 2012 WL 718937 (Kan. App. 2012) (unpublished opinion). In June 2020, Jones filed a motion to correct illegal sentence pursuant to K.S.A. 22-3504. The following month, the district court summarily denied Jones' motion to correct illegal sentence. Thereafter, Jones filed a timely notice of appeal.

ANALYSIS

K.S.A. 2020 Supp. 22-3504(a) provides that a court may correct an illegal sentence at any time. See *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which our review is unlimited. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Likewise, our review over issues of the interpretation of sentencing statutes is unlimited. *State v. Coleman*, 311 Kan. 332, 334-35, 460 P.3d 828 (2020).

In Kansas, a sentence is illegal under K.S.A. 2020 Supp. 22-3504(c)(1) if it is imposed by a court without jurisdiction; it does not conform to the applicable statutory provisions, either in character or punishment; or it is ambiguous with respect to the time and manner in which it is to be served. *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018). Based on our review of the record on appeal, we find that Jones has not made a

sufficient showing that his sentence was illegal based on any of the reasons set forth in the statute. For this reason, we conclude that the district court did not err in summarily dismissing Jones' motion to correct illegal sentence.

First, Jones contends that the district court violated his constitutional right to have a jury determine his criminal history beyond a reasonable doubt. However, filing a motion to correct illegal sentence under K.S.A. 22-3504 is not the proper procedure to assert constitutional challenges. See *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015). "'Because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence.'" *Lee*, 304 Kan. at 418 (quoting *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 [2007]). Further, our Supreme Court has rejected the argument that the use of a defendant's criminal history violates his or her constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002).

Second, Jones contends that district court erred by "impos[ing] two 92-month sentences" and—as a result—exceeded the maximum authorized sentence. But a review of the record on appeal reveals that the district court did not actually impose two 92-month sentences. Instead, the district court imposed a presumptive 92-month sentence on the primary count and 61-month sentences on the three remaining counts. Further, the district court ran all four sentences consecutively but—in order to comply with the "double rule"—capped the controlling sentence at 184 months. Moreover, it is within the district court's discretion to impose consecutive sentences. See K.S.A. 2020 Supp. 21-6819(b); *State v. Horn*, 302 Kan. 255, 256-57, 352 P.3d 549 (2015); *State v. McCallum*, 21 Kan. App. 2d 40, 46-47, 895 P.2d 1258 (1995).

Third, Jones contends that the district erred by improperly using his current offenses to enhance his sentence. Nevertheless, a review of the record reveals that Jones' current crimes were not scored as a part of his prior criminal history. In addition, the record reveals that the State did not request—and the district court did not order—an upward departure. As a result, Jones has failed to establish a factual basis for these arguments. "A party asserting that prejudicial error has occurred has the burden of designating a record that affirmatively shows the error." *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015).

Fourth, Jones contends that the district court erred by improperly classifying one of his prior convictions in Louisiana as a nonperson felony instead of a misdemeanor. Jones offers no argument to support this contention. As a result, we consider this argument to be waived. Specifically, as is the case here, our Supreme Court has made clear that the failure to support a point with pertinent authority is akin to failing to brief the issue. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019) ("Issues not adequately briefed are deemed waived or abandoned."). Furthermore, we note that the district court did not rely upon this nonperson felony conviction but instead relied upon Jones' four other nonperson felony convictions in Louisiana to determine his criminal history score.

Finally, Jones contends that the district court erred by not liberally construing his motion as a K.S.A. 60-1507 motion and—as a result—not reaching other issues that he sought to raise. Whether a district court properly construed a pro se pleading is a question of law subject to unlimited review. *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). Although a district court construing a pro se postconviction motion should consider the relief requested rather than rigidly adhering to the pleadings, the Kansas Supreme Court has made it clear that there are limits to the district court's obligation to liberally construe pro se pleadings. 310 Kan. at 18.

In particular, our Supreme Court has held that a district court "is not required to divine every conceivable interpretation of a motion, especially when a litigant repeatedly asserts specific statutory grounds for relief and propounds arguments related to that specific statute." *Redding*, 310 Kan. at 18. Here, Jones' motion was labeled as a motion to correct illegal sentence and it expressly requested relief under K.S.A. 22-3504. There is no mention of K.S.A. 60-1507 in the motion. Further, even if we were to construe Jones' motion as one brought under K.S.A. 60-1507, Jones does not address the issues of timeliness or successiveness that would potentially preclude relief. As a result, we do not consider it error for the district court to construe Jones' motion as one seeking relief under K.S.A. 22-3504.

Affirmed.