IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 128,361

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN EARL MACORMAC,
*Appellant*.

SYLLABUS BY THE COURT

The lack of a lengthy explanation by a district court ordering a defendant to serve sentences consecutively does not imply an impermissible basis for that decision constituting an abuse of discretion.

Appeal from Sedgwick District Court; JEFFREY GOERING, judge. Submitted without oral argument October 30, 2025. Opinion filed December 5, 2025. Affirmed.

*Carol L. Schmidt*, of Capital Appellate Defender Office, was on the brief for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STANDRIDGE, J.: Following a consolidated guilty plea covering multiple cases, the Sedgwick County District Court sentenced Justin Earl Macormac to a controlling term of life without the possibility of parole for 620 months for a first-degree murder conviction and a consecutive term of 233 months' imprisonment for a voluntary manslaughter

1

conviction—a combined term of 853 months or 71 years; the court ran all other sentences concurrent.

Macormac appeals the denial of his motion for concurrent sentencing on the first-degree murder conviction and the voluntary manslaughter conviction. He argues the district court abused its discretion in imposing consecutive sentences in his case by failing to consider relevant mitigating factors, such as the impact of long-term drug abuse on his brain development and subsequent criminal actions, and his potential for reform in prison. Macormac further contends his crimes did not involve the kind of planning, effort, or brutality found in other cases in which this court has affirmed consecutive sentences. For the reasons discussed below, we conclude the district court did not abuse its discretion and affirm the sentencing order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2022, the State charged Macormac with multiple offenses of violence related to events allegedly occurring in February 2021 and a two-week period in late January and early February 2022. Based on the relevant affidavits and complaints, these charges included criminal possession of a firearm, criminal discharge of a firearm, criminal damage to property, illegal drug possession, theft, kidnapping, attempted murder, voluntary manslaughter, and first-degree murder—all within the span of about one year. The State would later describe Macormac's actions during this period as a "crime spree."

After an evidentiary preliminary hearing, Macormac entered into a consolidated plea agreement with the State, pleading guilty to the following amended charges in four cases:

2

- 2022-CR-1300: one count first-degree murder, an off-grid person felony, K.S.A. 21-5402(a)(1); one count voluntary manslaughter, a severity level 3 person felony, K.S.A. 21-5404(a)(1);

- 2022-CR-328: one count attempted second-degree murder, a severity level 3 person felony, K.S.A. 21-5403;

- 2022-CR-276: one count criminal discharge of a firearm at an occupied dwelling, a severity level 7 person felony, K.S.A. 21-6308(a)(1)(A); and

- 2022-CR-277: one count criminal discharge of a firearm at an occupied dwelling, a severity level 7 person felony, K.S.A. 21-6308(a)(1)(A).

In exchange for his guilty pleas, the State dismissed the remaining counts in each case, as well as all counts in another case, 2021-CR-568. The parties recognized in the plea agreement that the sentence for the off-grid, first-degree murder conviction in 2022-CR-1300 was life imprisonment. See K.S.A. 21-6620(c)(1)(A) (A person convicted of premeditated first-degree murder must be sentenced to life imprisonment with no possibility of parole for 50 years—commonly known as a "Hard 50."). But the parties also agreed that K.S.A. 21-6620(c)(1)(B) applied here. This subsection of the statute applies to defendants who have such extensive criminal histories that, under the sentencing guidelines, they face an even longer term than 600 months (50 years) for a severity level 1 felony. In such cases, the court must impose a mandatory minimum sentence equal to that longer guideline sentence rather than the usual "Hard 50." Given Macormac's criminal history score was "A," the parties agreed that the statute required a mandatory minimum sentence equal to what he would receive for a severity level 1 felony on the sentencing grid and that he would not be eligible for parole until the end of that term.

As to the remaining counts to which Macormac pled guilty, the State agreed to recommend the mid-number in the sentencing grid box. Relevant here, the State expressly stated in the plea agreement that it intended to recommend the sentences for

3

first-degree murder and voluntary manslaughter in 2022-CR-1300 run consecutive to each other, but that it would recommend the sentences in the remaining cases run concurrent with the controlling sentence in 2022-CR-1300. The State anticipated this would result in Macormac receiving a 620-month term of imprisonment before parole eligibility for first-degree murder, plus an additional 233 months for voluntary manslaughter. Macormac was free to ask the district court to run all of his sentences concurrent.

To that end, Macormac requested both before and during sentencing that all sentences run concurrent, arguing a total term of 620 months' imprisonment was appropriate given the following mitigating factors: (1) an expert report assessing that early and continuous drug use had negatively impacted his brain development, learning, and choices; (2) lower culpability because he committed these crimes at age 25 before executive functioning fully develops; and (3) because of his young age, 620 months was a sufficient period of incarceration for reformation in prison.

The district court denied Macormac's request for concurrent sentences in 2022-CR-1300 for first-degree murder and voluntary manslaughter, finding there were two victims in this case, both of whom "were entitled to their own sentence." The court noted the plea agreement negotiated by the parties and acknowledged the expert report and defense counsel's brief. The court also heard oral arguments from the parties, a victim impact statement, and Macormac's statement of accountability for his actions and apology for the deaths. Ultimately, the court sentenced Macormac to 620 months in prison before parole eligibility for the first-degree murder conviction and a consecutive term of 233 months in prison for the voluntary manslaughter conviction in 2022-CR-1300—a combined term of 853 months or 71 years. The court ordered the other sentences to run concurrent.

ANALYSIS

Macormac asserts the district court abused its discretion by denying his motion for concurrent sentences in 2022-CR-1300 and by imposing an 853-month or 71-year prison sentence. This issue is properly raised on direct appeal and jurisdiction is proper. See Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36); K.S.A. 22-3601(b)(3) (direct appeal to Supreme Court from district court's final judgment when maximum sentence of life imprisonment imposed); *State v. Goens*, 317 Kan. 616, 619-20, 535 P.3d 1116 (2023) (Appellate courts can review sentences for off-grid crimes that are not presumptive under the Kansas Sentencing Guidelines.).

Generally, "'it is within the trial court's sound discretion to determine whether a sentence should run concurrent with or consecutive to another sentence.'" *Goens*, 317 Kan. at 619 (quoting *State v. Baker*, 297 Kan. 482, 484, 301 P.3d 706 [2013]). Because Macormac's first-degree murder conviction is an off-grid crime, this court reviews his challenge to the imposition of consecutive sentences in 2022-CR-1300 for an abuse of discretion, which requires determining whether:

> "'judicial action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, i.e., if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, i.e., if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.'" *Goens*, 317 Kan. at 620 (quoting *Baker*, 297 Kan. at 484).

Macormac has the burden to show the district court abused its discretion by imposing consecutive sentences for the first-degree murder and voluntary manslaughter convictions in 2022-CR-1300. See *Goens*, 317 Kan. at 620. To that end, he argues the court acted unreasonably when it "summarily dismissed" "compelling evidence" from the

expert report detailing his long-term drug use and untreated mental health conditions. He contends that "[n]o reasonable court would impose a life without the possibility of parole sentence upon a young person who had little chance to develop the ability to think rationally and cope with daily life."

The State rebuts Macormac's mitigation claims regarding the expert report by pointing out:  he had a history of gang involvement; he demonstrated an unwillingness to abstain from substances, as shown by near-daily use of synthetic marijuana in prison and soon after being released; and the State attempted to address his mental health by referring him to an inpatient program for psychiatric evaluation as a teen and discharging him with a prescription for an antidepressant. The State also disputes Macormac's characterization of the report's assessment of brain development for conscious decision-making, noting the report explained the brain reaches full maturity to perform this function in a person's mid to late twenties and he ended the lives of two people when he was 25 years old.

As the State notes and this court has expressed in the past, neither statute nor caselaw "set definitive criteria for when a district court should order sentences to be served concurrently or consecutively." *Goens*, 317 Kan. at 620. Outside of mandatory sentencing guidelines, a sentencing judge has discretion to impose concurrent or consecutive sentences in multiple conviction cases within statutory limits. K.S.A. 21-6819(a)-(c). In doing so, "[t]he sentencing judge may consider the need to impose an overall sentence that is proportionate to the harm and culpability and shall state on the record if the sentence is to be served concurrently or consecutively." K.S.A. 21-6819(b). Thus, while the sentencing court *may* consider certain factors when deciding whether to impose consecutive sentences, it need not do so. Rather, the court's only obligation is to state its decision and the reasons for it on the record, and to ensure that its exercise of discretion is not arbitrary, unreasonable, fanciful, or based on an error of fact or law. See

*Goens*, 317 Kan. at 620.

Macormac insists the district court's decision is unreasonable amounting to an abuse of discretion. His argument has two parts: (1) that the district court ignored "compelling evidence" of mitigating factors to support concurrent sentences in this case, which would have resulted in a shorter overall sentence of 620 months (approximately 51 1/2 years); and (2) that his crimes of violence are not the type which warrant consecutive sentences because they did not involve significant planning, were not particularly brutal, and did not involve children.

Macormac's emphasis on "compelling evidence" of mitigating factors is misplaced given the applicable statutory scheme. The relevant sentencing statute does not require or even suggest a sentencing court consider mitigating factors. See K.S.A. 21-6819(b). Indeed, the statutory provision that governs his mandatory minimum term of imprisonment precludes downward departures for "compelling reasons" "of mitigating circumstances," as provided under other subsections. See K.S.A. 21-6620(c)(1)(B) (based on defendant's criminal history classification, requiring court to impose mandatory minimum term of imprisonment equal to sentence established for severity level 1 crime; precluding downward departures for "compelling reasons" after "review of mitigating circumstances" as provided under K.S.A. 21-6620[c][1][A], [2][A]).

Without any statutory requirement to consider mitigating factors in this context, Macormac's argument boils down to: the district court did not give enough weight to the expert report or else the court would have run all sentences concurrent or perhaps said more about the report in announcing the sentencing decision. But an adverse ruling on its own does not suggest error, and an appellate court does not reweigh the factors that went into a sentencing decision. See *Goens*, 317 Kan. at 619-20 (standard for reviewing challenge to consecutive sentences in this context is abuse of discretion).

7

This court rejected a similar argument in *State v. Mitchell*, 320 Kan. 775, 571 P.3d 604 (2025). Mitchell challenged the imposition of consecutive sentences for his convictions of premeditated murder of two family members, which imposed a mandatory minimum term of 100 years' imprisonment. Unlike here, the applicable sentencing statute in *Mitchell* permitted a sentencing court to deviate from the presumptive sentence "after a review of mitigating circumstances" and a finding of "'substantial and compelling reasons'" to do so. See 320 Kan. at 778 (citing K.S.A. 21-6620[c][1][A]). Mitchell argued his mental illness should be considered a mitigating factor and that concurrent sentences would better serve criminal-justice goals and provide an incentive for rehabilitation in prison. While acknowledging Mitchell's mental illness may be "a sympathetic factor," this court found the district court's basis for the decision to impose consecutive sentences —"'that [the defendant] killed two separate people'"—was both logical and reasonable. 320 Kan. at 780; see also *State v. McNabb*, 312 Kan. 609, 614, 478 P.3d 769 (2021) (finding no abuse of discretion for imposing consecutive sentences on grounds "'that [the defendant] killed two separate people'").

As this court has explained in prior caselaw, it is best practice for a district court to state the basis for a sentencing decision on the record; however, a sentencing judge's failure to provide a lengthy explanation to justify a sentencing decision does not amount to an abuse of discretion. *Goens*, 317 Kan. at 620 (citing *State v. Frecks*, 294 Kan. 738, 742, 280 P.3d 217 [2012]).

Here, just before announcing the sentence from the bench, the district court noted the parties had reached a plea agreement, then acknowledged the expert report and defense counsel's brief: "I appreciate Dr. Roache's report and the brief submitted by Mr. Frieden." That the court said nothing specific about the expert report does not indicate cavalier rejection of this information, any more than the court's similarly brief reference

to the plea agreement would lead to that conclusion.

The court then stated its decision on the record to impose consecutive sentences in 22-CR-1300 for first-degree murder and voluntary manslaughter and explained the basis for this decision was the proportionate harm caused: "[T]here were two victims and both were entitled to their own sentence." Thus, the district court met the statutory requirement to state its decision on the record and, although rather brief in nature, followed this court's guidance to explain the reasoning for that decision.

This court has affirmed consecutive sentences when the district court provided at least "minimal justification" for the decision. See, e.g., *Frecks*, 294 Kan. at 742 (affirming consecutive life sentences for convictions of aggravated indecent liberties with two child victims where district court did not provide specific reasons for decision but referenced plea negotiations, allegations, and filed documents); *Goens*, 317 Kan. at 620-21 (affirming consecutive sentences where district court stated its primary consideration was that the crimes involved several different events rather than one occurrence; therefore, defendant had opportunities to abandon plan but did not). Macormac offers no contrary authority to support his contentions that the sentencing decision was unreasonable in light of the mitigating factors detailed in the expert report and that the court's brief reference to the report or explanation for the sentencing decision constitutes an abuse of discretion.

Instead, Macormac attempts to distinguish the facts of his case from others in which this court has affirmed consecutive sentences for planned and brutal murders, including of children. See, e.g., *Goens*, 317 Kan. at 616, 620 (crimes involved several different events rather than one occurrence and defendant had opportunities to abandon plan but did not); *State v. Brune*, 307 Kan. 370, 370, 372-73, 409 P.3d 862 (2018) (planned robbery led to double murder by stabbing, which was carried out in particularly

9

brutal manner); *State v. Horn*, 302 Kan. 255, 257-58, 352 P.3d 549 (2015) (after strangling girlfriend, defendant also killed girlfriend's two-year-old niece by setting fire to the apartment; in addition to being "troubling" and "horrific," conduct showed reckless disregard for others' safety); *State v. Mosher*, 299 Kan. 1, 2-4, 319 P.3d 1253 (2014) (significant planning and effort went into violent murder of family member, which could have been abandoned at many stages but was not); *Baker*, 297 Kan. at 483-85 (murder of 19-month-old child by physical abuse was "'the most cowardly, egregious, disgusting kind of conduct'" judge could imagine); *State v. Ross*, 295 Kan. 1126, 1138-39, 289 P.3d 76 (2012) (victim suffered during kidnapping before murder, defendant lacked compassion, and victim's family suffered harm as a result).

Macormac claims that, unlike these cases, his crimes of first-degree murder and voluntary manslaughter "were reckless, split-second" acts which "reflect the impulsive decision-making of a young person, not the deliberate planning of an adult." He points out his crimes were committed against other adults (not children) who may have been involved in a drug transaction, do not evince planning, and did not occur over a prolonged period of time thereby causing additional suffering to the victims. In essence, Macormac argues his crimes are not as bad as others which warranted consecutive sentences under this court's precedent. We previously dispelled that kind of reasoning in *Goens*, stating,

> "We recognize that Goens' actions may be less egregious than many of the cases in which the court has upheld a district court's decision to order sentences be served consecutively. *But simply not being the worst of the worst does not require the lower court to order his sentences to run concurrent*." (Emphasis added.) 317 Kan. at 621.

Though Macormac tried to distinguish *Goens*, the facts and decision in that case are analogous to this one in terms of the nature of his crime. Goens shot and killed a

10

person during a drug deal gone wrong, though he testified that the plan was only to rob one of the victims. A jury convicted Goens of multiple charges in addition to felony murder, and the district court imposed a hard 25 life sentence for the felony murder conviction and a consecutive grid-based sentence of 142 months for the remaining charges. 317 Kan. at 616-17. The court's "primary consideration" in ordering consecutive sentences was "that these events constituted several different events rather than one occurrence," therefore "there were several opportunities for Goens to abandon the plan, but Goens never did." 317 Kan. at 620. Based on these facts and the district court's reasoning, we found Goens failed to show that no reasonable factfinder would have ordered his sentences be served consecutively. 317 Kan. at 621.

As mentioned, Macormac's case is also similar to *Mitchell* which likewise involved a 25 year-old defendant with mitigating mental health factors but who nonetheless was unable to convince this court it was objectively unreasonable to order consecutive sentences as punishment for two separate deaths. See 320 Kan. at 780.

Macormac is in a similar situation here. He pled guilty to multiple charges involving violent crimes committed over the course of a year's time, including first-degree murder and voluntary manslaughter which resulted in the deaths of two people. The district court identified this harm as the basis for its decision to impose consecutive sentences. Macormac had a chance to present evidence of mitigating factors, which the district court could *but was not required to* consider at sentencing. Whether that information was "compelling" and should have been given more weight is not for this court to decide. Our review is limited to whether Macormac has shown that no reasonable factfinder would have ordered his sentences for first-degree murder and voluntary manslaughter to run consecutive. Because we find he has not met this burden, we affirm the consecutive sentence imposed by the district court.

The judgment of the district court is affirmed.

LUCKERT, C.J., not participating.